UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN P. O'BOYLE,

        Petitioner,

v.                                                    Case No.   16-C-126

WILLIAM POLLARD,

        Respondent.

## ORDER DENYING MOTION FOR STAY

On February 4, 2016, Ryan P. O'Boyle filed this petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

On October 2, 2012, O'Boyle was convicted in Milwaukee County Circuit Court on one count of Second Degree Intentional Homicide (Attempt). On June 14, 2013, O'Boyle filed a post-conviction motion with the Milwaukee County Circuit Court, Branch 34, claiming: ineffective

assistance of trial counsel in failing to object to prosecutor's inappropriate remarks, failure to suppress, failure to propose jury instructions, failure to suppress photo array, loss of evidence; the state's failure to properly amend; the use of hearsay and double-hearsay evidence; and prosecutorial misconduct. His motion was denied by the circuit court after an evidentiary hearing. O'Boyle also filed a petition in federal court on February 25, 2014, but his petition was denied as premature by Judge Rudolph Randa on February 27, 2014. His conviction was affirmed by the Wisconsin Court of Appeals on November 4, 2014, and the Wisconsin Supreme Court denied his petition for review on February 10, 2015. O'Boyle is currently incarcerated at Waupun Correctional Institution.

O'Boyle's petition asserts fifteen grounds for relief, consisting primarily of ineffective assistance of both trial and appellate counsel claims. O'Boyle also makes a number of constitutional claims including jurisdictional problems, evidence tampering, and an allegation of factual innocence. O'Boyle has also filed a motion to stay his petition while he attempts to exhaust the remaining State remedies. He has requested leave to amend his Federal petition with additional claims if the State petition should prove unsuccessful. On November 23, 2015, O'Boyle presented his claims to the Wisconsin Court of Appeals via a State Petition for Writ of Habeas Corpus. He further plans to file a collateral post-conviction motion pursuant to Wis. Stats. § 974.06. This matter is currently pending before the Court of Appeals, District 1, in Milwaukee County under case number 2015-AP-002480.

A district court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Rather than dismiss a petition containing both exhausted and unexhausted claims, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust

his previously unexhausted claims. Once the petitioner exhausts his state court remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275–276 (2005). A stay should not be granted automatically, however:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 277. A stay should not be granted when there is not good cause for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are plainly meritless.

Here, O'Boyle has not shown good cause for failing to exhaust these claims. At most, O'Boyle has argued that the unexhausted claims have potential merit. That may be true but it is not a reason to stay federal proceedings. Federal proceedings should be stayed when it appears dismissal would result in the loss of an opportunity for federal relief and the petitioner had good cause for failing to exhaust his state court remedies earlier. Typically, this will mean that the time for filing for federal relief has almost expired. That is not the case here.

A state inmate has one year after his conviction becomes final in which to file a petition for relief under § 2254. 28 U.S.C. § 2244(d)(1). The Wisconsin Supreme Court denied O'Boyle's petition for review of the decision affirming his conviction on February 10, 2015. His conviction therefore became final 90 days thereafter on May 11, 2015, when the time to seek further review by filing a petition for certiorari in the United States Supreme Court expired. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). O'Boyle thus has until May 11, 2016, to file his petition under § 2254. Moreover, the running of the one-year limitation period is currently tolled because O'Boyle filed a motion for post conviction relief in state court asserting new grounds for relief pursuant to

3

Wis. Stat. § 974.06. 28 U.S.C. § 2244(d)(2). The limitation period will remain tolled until the state courts enter a final decision on the motion. O'Boyle will have more than enough time to file his petition in federal court in the event he is unsuccessful in obtaining relief in state court.

O'Boyle should focus his energies on pursuing his state court remedies. O'Boyle has a post-conviction motion filed in state court, eliminating any need for him to retain a pending claim in this court. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Additionally, if this court stays proceedings on his federal action, O'Boyle will have no incentive to promptly pursue all appropriate future state court remedies. This would undermine the important state goal of requiring defendants to promptly bring any claimed errors to the attention of the reviewing court so they can be resolved before the case becomes stale. It would also undermine AEDPA's goal of encouraging finality. For all of these reasons, I conclude that O'Boyle has failed to show good cause and his motion to stay must be denied.

This leaves O'Boyle with two choices. He may either ask that this petition be dismissed without prejudice to his refiling another petition seeking relief under § 2254 once his state court remedies are exhausted as to all of his claims. This would allow him to seek relief in the state court on his new claims and still file for federal relief in the event he is unsuccessful, as long as he does so promptly after a final decision is rendered by the state courts on his unexhausted claims. Alternatively, O'Boyle may pursue his petition at this time and likely lose his right to seek federal relief on the unexhausted claims. The choice is his. O'Boyle must decide whether he wishes to proceed immediately with his exhausted claims and abandon his unexhausted claims, or move for dismissal of the petition without prejudice. The court will wait 21 days. If O'Boyle does not move

4

to dismiss voluntarily, the court will complete its screening of the petition to make sure it states claims for federal relief and the case will proceed. In any event, the motion to stay is **DENIED**.

**SO ORDERED** this  26th   day of February, 2016.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
